
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| KERILEI R. OLDOERP, | ) | No. 11-16369 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 3:08-cv-05278-RS |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| WELLS FARGO & COMPANY | ) | |
| LONG TERM DISABILITY PLAN; | ) | |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants – Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted November 7, 2012
San Francisco, California

Before: FERNANDEZ and BERZON, Circuit Judges, and SMITH,[**]
District Judge.

Kerilei Oldoerp, who was covered by the Wells Fargo & Company Long

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable William E. Smith, United States District Judge for the District of Rhode Island, sitting by designation.

Term Disability Plan ("Plan"), a Plan insured and administered by Metropolitan Life Insurance Company ("MetLife"), brought this action when she was denied long term disability benefits. She appeals the district court's determination that the benefits were properly denied. We reverse and remand.

The district court decided this matter by applying an abuse of discretion standard to MetLife's decision.[1] However, unless the Plan conferred discretion upon MetLife, review should have been de novo. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 956–57, 103 L. Ed. 2d 80 (1989); see also Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111, 128 S. Ct. 2343, 2348, 171 L. Ed. 2d 299 (2008). On the record before us, the Plan, by its terms, was made up of the group policy, the Certificate of Insurance, and amendments or endorsements to the group policy.[2] There is no indication that any one of those documents confers discretion upon MetLife. The Summary Plan Description ("SPD")[3] and a document referred to as additional information[4] did indicate that MetLife has

---

[1]The district court ruled before the Supreme Court's decision in CIGNA Corp. v. Amara, __ U.S. __, 131 S. Ct. 1866, 179 L. Ed. 2d 843 (2011).

[2]The Certificate declares that those documents constitute the entire contract.

[3]The SPD declares that it is meant to be informative, but cannot "change any provisions of the actual plan documents."

[4]The additional information in question is set forth under the heading
(continued...)

2

discretionary authority. However, the Supreme Court has made it clear that extraneous documents, like SPDs, "[are] not [themselves] part of the plan." Amara, __ U.S. at __, 131 S. Ct. at 1877. As the Court pointed out, summary documents make statements "about the plan, but . . . their statements do not themselves constitute the terms of the plan." Id. at __, 131 S. Ct. at 1878; see also Skinner v. Northrop Grumman Ret. Plan B, 673 F.3d 1162, 1165 (9th Cir. 2012) (recognizing that "SPD language [is not] an enforceable part of the retirement plan"). Thus, we reject MetLife's argument that because of the SPD and the ERISA Information document, the Plan confers discretion upon it. The district court erred, and must now review MetLife's "denial of benefits de novo." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (en banc).

REVERSED and REMANDED.

---

[4](...continued)
"ERISA Information," which, itself, is in the form of a general information and summary document.